ON APPLICATION FOR REHEARING.
MICHAEL E. KIRBY, Judge.
_JjWe grant the application for rehearing of the plaintiff-appellant, Andrea Padilla, for the sole purpose of clarifying our holding that the status quo ante will be restored by payment to Padilla of the purchase price, taxes and costs, and ten percent interest from the date of each respective payment as required by La. Const. Art. VII, § 25(C). Our opinion upheld the trial court’s dismissal of Padilla’s suit to quiet tax title and its nullification of the tax sale of the property in dispute. As noted in the opinion, La. C.C. art.2033 requires that the parties to a contract which has been annulled be restored to the situation that existed before the contract was made. Comment (b) to La. C.C. art.2033 states, “The restoration of the parties to the situation that existed before the contract ... includes restoration of fruits and revenues, as any unjust enrichment of the parties must be prevented.”
In the application for rehearing, Padilla contends that since the tax sale she has spent considerable amounts of money to remediate the property to return it to commerce and to make repairs following Hurricane Katrina. Those expenses, she contends, must be considered in restoring the parties to the “status quo ante.” | {.Because the record before us contains no evidence of the amounts of money allegedly spent by Padilla in remediating the property or of the rental income generated from the property since the tax sale, we must remand the case to the trial court for the taking of additional evidence to determine the status quo of the parties prior to the tax sale as well as their current status. The record is also silent as to the amounts Padilla paid in taxes subsequent to the tax sale. Thus, remand is necessary for Padilla to offer proof of any tax payments and to allow the trial court to render a specific monetary judgment in compliance with La. Const. Art. VII, § 25(C).
Accordingly, we grant the application for rehearing and amend our decree to read as follows:
The July 17, 2006 judgment of the trial court is affirmed insofar as it denied Andrea Padilla’s motion for summary judgment; granted the Burgers’ motion for summary judgment; dismissed Padilla’s Petition to Quiet Tax Sale; and declared the tax sale of the property at issue an absolute nullity. The case is remanded to the trial court for further proceedings consistent with this opinion on rehearing and for entry of a judgment awarding Padilla the constitutionally mandated amount and any amount necessary to restore the parties to the situation that existed prior to the tax sale.
REHEARING APPLICATION GRANTED; DECREE AMENDED.